UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MITRA RAZAVI, ASHLEY LEIGH,**

   *Plaintiffs*,

**v.**                                              Case No.  **SA-21-CV-01093-JKP**

**FRANKLIN APARTMENT MAN-
AGEMENT, LTD.,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Franklin Apartment Management, Ltd.'s (Franklin) Motion for Summary Judgment and Responsive briefs. *ECF Nos. 20,22,23*. Also before the Court is Franklin's Motion for Attorney Fees. Id. Upon consideration the Court concludes the Motion for Summary Judgment shall be **GRANTED**. The Motion for Attorney Fees shall be **DENIED**.

### Factual Background

Plaintiff Mitra Razavi was an employee of Franklin, working as Director of Food Services at The Landing at Stone Oak (a senior-living facility) until her termination on July 31, 2021. Plaintiff Ashley Leigh was an employee of Franklin, working at The Landing as Business Office Manager in support of Human Resources until her termination on March 10, 2021.

In the Original Petition filed in state court prior to removal, Razavi asserts she was of "Iranian race and ethnic origin." Razavi alleges The Landing's Executive Director, Cynthia Morris, discriminated against her, retaliated against her, and created a hostile work environment

based upon racial discrimination. *ECF No. 1-2, par. 9.* Razavi vaguely implies she complained of this racial discrimination and hostile work environment in March 2020, and an investigation into her complaints ensued. *Id.*. Specific to the racial discrimination and hostile work environment, Razavi alleges, "Morris was responsible for the following discriminatory statements aimed at [Razavi's] Iranian ethnic origin: 'You can't understand what the F*** she is saying.' 'She probably can't read or understand recipe books.' 'She's not liked because she is from Iran.'" With regard to the hostile work environment claim, Razavi alleges, "Morris created a hostile work environment for both [Razavi] and [Leigh] because of [Razavi's] pursuit of a December 30, 2019 worker's compensation injury and because of [Razavi's] Iranian race and ethnic origin." *Id.* Razavi asserts Franklin's Vice President of Human Resources, James Hill and Senior Vice President of Senior Housing Operations for Integrated Senior Lifestyles[1], Darla Bailey, knew of the discriminatory and retaliatory conduct but allowed Morris to continue. *Id. at par. 10.* Razavi asserts these circumstances show she was wrongfully terminated, subject to a hostile work environment, and was retaliated against based upon racial discrimination in violation of 42 U.S.C. § 1981. These are the only allegations asserted with regard to this cause of action. *See id.*

In her Original Petition, Leigh asserts a cause of action for retaliation based upon her wrongful termination in violation of 42 U.S.C. § 1981. Specific to this cause of action, Leigh alleges: "[she] opposed this discrimination and retaliation and was subjected to mistreatment by Morris because of her opposition;" "Morris created a hostile work environment for both [Razavi] and [Leigh] because of [Razavi's] pursuit of a December 30, 2019 worker's compensation injury and because of Mitra's Iranian race and ethnic origin;" "[Leigh] opposed this discrimination and retaliation and was subjected to mistreatment by Morris because of her opposition;" and "When

---

[1] Integrated Senior Lifestyles acquired Franklin after the events forming the basis of this action. It is not a party to this action.

[Leigh] was wrongfully terminated in retaliation for her opposition to Morris' discrimination and retaliation, Hull attempted to buy [Leigh's] silence" by requesting she sign a Separation Agreement which precluded her from interfering with or participating in any legal proceeding or potential legal proceeding against Franklin. *ECF No. 1-2, pars. 9,10*. These are the only allegations asserted with regard to Leigh's cause of action for her wrongful termination in violation of 42 U.S.C. § 1981. *See id.*

Razavi also asserts a cause of action for violation of Chapter 451 of the Texas Labor Code based upon retaliation for filing a worker's compensation claim. Razavi alleges on December 30, 2019, she slipped and fell on a layer of ice in the walk-in cooler, and Morris knew of this dangerous condition. *ECF No. 1-2, par. 9*. Instead of accepting responsibility, Razavi contends Morris told her co-workers Razavi fainted due to her high blood pressure, which was false. Razavi implies she filed a worker's compensation claim for her injuries incurred in this accident but does not assert any details regarding when any claim was filed and the result of any investigation or remuneration for a worker's compensation claim. Razavi alleges Morris's conduct confirms a scheme of discrimination and retaliation resulting in her wrongful termination of employment in violation of Chapter 451 of the Texas Labor Code. These are the only allegations asserted with regard to this cause of action. *See id. at pars. 9-10*.

Franklin now files a Motion for Summary Judgment on all asserted causes of action. *ECF No. 20*.

## Legal Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare,*

*Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

---

[2]Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music, Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Arguments**

Franklin contends it is entitled to summary judgment on all asserted causes of action because Razavi and Leigh have no evidence to prove these causes of action. Franklin provides evidence that on February 8, 2022, Razavi and Leigh filed their Initial Disclosure but produced no documents in support of their claims. *ECF No. 20, Exh. A*. On June 13, 2022, Franklin served upon Razavi and Leigh Interrogatories and Request for Production seeking documents and responses in support of the asserted causes of action. *Id. at Exh. B*. Razavi and Leigh's responses to these discovery requests were due on July 13, 2022; however, Franklin represents to the Court in its Motion for Summary Judgment that Razavi and Leigh failed to respond. Franklin represents to the Court in its Motion for Summary Judgment that no other discovery was conducted by any party, including depositions of Razavi and Leigh. The Scheduling Order deadline for discovery is now expired. Given Razavi and Leigh's failure to respond to Franklin's discovery requests and the complete lack of discovery, and therefore, lack of evidence, Franklin contends there is no documentary evidence or evidence in the record to support any of the elements of the Texas Labor Code cause of action or the Section 1981 causes of action asserted by both Razavi and Leigh. *ECF No. 20*. For this reason, Franklin contends it is entitled to summary judgment on all asserted causes of action.

Razavi and Leigh responded to the Motion for Summary Judgment, providing personal affidavits attesting to facts in support of all asserted causes of action. *ECF No. 22, Exh. A,B*. Razavi and Leigh contend these personal affidavits raise genuine disputes of material fact that preclude summary judgment. Razavi and Leigh do not address or dispute Franklin's representation to the Court that they did not respond to any discovery request or produce any documents or oth-

er evidence during the discovery phase of litigation. *See ECF No. 22*. In addition, Razavi and Leigh assert facts in their affidavits that are not asserted in the Original Petition.

In its Reply, Franklin objects to and moves to strike both Razavi and Leigh's affidavits because the attestations therein propound statements and evidence not disclosed or produced in response to Franklin's discovery requests. *See ECF No. 23*. Franklin represents to the Court in its Reply that the attestations now produced as summary judgment evidence through the affidavits are responsive to Franklin's discovery requests submitted in its Interrogatories and Requests for Production. Neither Razavi nor Leigh objected or responded to any discovery request. Because the statements contained in their affidavits were not produced during the discovery phase, Franklin contends Razavi and Leigh cannot use the affidavits to oppose this Motion for Summary Judgment as a matter of law pursuant to Federal Rule of Civil Procedure 37(c). For this reason, within its Reply, Franklin objects to the evidence submitted and moves to strike Razavi and Leigh's affidavits. With the striking of these affidavits, Franklin contends Razavi and Leigh have no evidence to oppose the Motion for Summary Judgment and no evidence exists to support their asserted causes of action.

## Discussion

### A. Objections to Summary Judgment Evidence and Motion to Strike

The Court will not address the merits of any Motion to Strike the affidavits but will address the substantive merits of the Motion for Summary Judgment, instead.

### B. Motion for Summary Judgment

#### 1. Chapter 451 of the Texas Labor Code

To begin, due to their failure to respond or object to this representation, the Court accepts as true Franklin's representation in its Motion for Summary Judgment that no evidence exists to

support this cause of action because Razavi and Leigh failed to respond to its discovery requests and no discovery was conducted by any party. Thereby, in support of its Motion for Summary Judgment, Franklin points to Razavi and Leigh's lack of evidence on each of their causes of action.

When, as here, the summary judgment movant will not have the burden of proof at trial, it can meet its summary judgment obligation by pointing out the absence of evidence to support the claim. *See Celotex Corp. v. Catrett*, 477 U.S. at 324*; Forsyth,* 19 F.3d at 1537; *see also Woodjoy Enterprises, Inc. v. Wise Cracker, Inc.*, No. CIV.A. 3:98-CV-0560L, 2002 WL 1878862, at *5–6 (N.D. Tex. Aug. 12, 2002). The summary judgment burden then shifts to the nonmovant to adduce evidence to raise a genuine dispute of material fact regarding each element for which each bears the burden of proof at trial. *See id*. The nonmovant may "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s][its] claim[s]." *Forsyth,* 19 F.3d at 1537.

Chapter 451.001 of the Texas Labor Code mandates: "A person may not discharge or in any other manner discriminate against an employee because the employee has: (1) filed a workers' compensation claim in good faith; (2) hired a lawyer to represent the employee in a claim; (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A [Tex. Labor Code § 401.001 et seq.]; or (4) testified or is about to testify in a proceeding under Subtitle A." Tex. Labor Code Ann. § 451.001.

To raise a genuine dispute of material fact to preclude summary judgment, Razavi submits only her own and Leigh's affidavits. In her affidavit, pertinent to this cause of action, Razavi attests:

> On or about December 30, 2019, I was injured when I slipped and fell in the walk-in freezer on an accumulation of ice. Morris knew about the problem with

the walk-in freezer that was causing the ice to accumulate. In an effort to avoid responsibility for the hazard and my injury, Morris circulated a false allegation that I had high blood pressure and that I had fainted and not slipped on the ice. I did not have the health condition of high blood pressure and my injury resulted from a slip and fall on the ice….

When Integrated Senior Lifestyles took over for Franklin, Morris continued as Executive Director at The Landing. On July 31, 2021, I was advised by Morris that my employment at The Landing had been terminated.

*ECF No. 22-1, pars. 7, 11.*

In her affidavit, pertinent to Razavi's and her own cause of action under Chapter 451 of the Texas Labor Code, Leigh attests:

On or about December 30, 2019, Razavi fell in a walk-in freezer because of ice accumulated on the floor. Morris was well-aware of this condition and the danger it posed for employees retrieving food from the walk-in freezer. Morris told virtually all employees that Razavi had high blood pressure and that her health condition was the cause of the fall. This was a false statement and a way to avoid responsibility for not fixing the walk-in freezer. I supported Razavi's pursuit of a worker's compensation claim. Morris discriminated and retaliated against me and Razavi because of the claim pursued….

In February 2021, I was stripped of my Human Resources duties and demoted by Morris. . . Wilbur and Hull acknowledged the hostile work environment and my claims of retaliation by Morris. . . I requested that Wilbur and Hull conduct an investigation into the retaliatory conduct inflicted by Morris against the Landing Directors. In response to my request for an investigation, I was locked out of all equipment at Franklin.

On March 10, 2021, I was terminated for opposing the discriminatory and retaliatory conduct of Morris.

*ECF No. 22-2, pars. 6, 8, 9.*

These attestations do not provide sufficient summary judgment evidence to raise a genuine dispute of material fact on any of the elements of Razavi's cause of action. The Original Petition contains no assertion that Razavi filed a Worker's Compensation claim. Neither Razavi or Leigh attests Razavi filed a worker's compensation claim, neither attest to the details of when a claim was filed or whether an investigation ensued, and neither attests Razavi was terminated

or in any other manner discriminated against because she filed a worker's compensation claim. These attestations pertain mostly to the fact Razavi did fall in the walk-in freezer and Morris's responsibility and avoidance by asserting false reasons. Leigh's attestation that "Morris discriminated and retaliated against me and Razavi because of the claim pursued" is an unsubstantiated assertion, conclusory statement, and unsupported speculation that is not sufficient to defeat a motion for summary judgment. See *Brown v. City of Houston, Tex.*, 337 F.3d at 541; *Forsyth,* 19 F.3d at 1533.

For this reason, Razavi fails to satisfy her summary judgment burden to raise a genuine dispute of material fact on any element of her cause of action asserting Franklin violated Chapter 451 of the Texas Labor Code by discharging or discriminating against her based upon her filing of a worker's compensation claim.

For the same reason, Leigh fails to satisfy her summary judgment burden to raise a genuine dispute of material fact on any element of her cause of action asserting Franklin violated Chapter 451 of the Texas Labor Code by discharging or discriminating against her based upon her support of Razavi filing a worker's compensation claim or for testifying or agreeing to testify in a proceeding pertaining to a worker's compensation claim filed by Razavi. The Original Petition contains no assertion that Leigh testified or was about to testify in a proceeding related to a worker's compensation claim. Neither Razavi or Leigh attests Leigh was terminated or in any other manner discriminated against because she testified or was about to testify in a proceeding related to a worker's compensation claim. "Support" for Razavi is not the equivalent of testimony in a proceeding related to a worker's compensation claim that is necessary to support this cause of action.

No evidence exists in this case, and Razavi and Leigh's affidavits are deficient to raise a genuine dispute of material fact on any element of this cause of action and contain only conclusory and unsubstantiated assertions to the extent they relate to the relevant elements. Consequently, this Court must grant summary judgment on both Razavi and Leigh's cause of action asserting violation of Chapter 451 of the Texas Labor Code.

### 2. Section 1981 violations

Section 1981 prohibits racial discrimination in the making and enforcement of private contracts. 42 U.S.C. § 1981; *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). "To succeed on a § 1981 claim, a plaintiff must establish '(1) she is a member of a racial minority; (2) [the defendant] had intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.'" *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003)(quoting *Morris v. Dillard Dep't Stores, Inc.,* 277 F.3d 743, 751 (5th Cir. 2001)). Particular to the third element, this prohibition under §1981extends to racial discrimination of at-will employees. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000).

### a. Leigh's 1981 causes of action

Based upon its' focus on racial discrimination, inherently, Leigh cannot establish cause of action for discrimination, retaliation, or hostile work environment in violation of 1981 as a matter of law. Leigh does not assert in the facts alleged in the Original Petition or in her affidavit that she is a member of a protected class or minority, or that she was discriminated against or demoted based upon her race. Instead, Leigh alleges she was discriminated against for supporting Razavi, who belongs to a protected class. This is not a viable cause of action pursuant to the terms of §1981.

11

For this reason, to the extent these causes of action are asserted, summary judgment is granted on all §1981 causes of action asserted by Leigh.

### b.   Razavi's §1981 causes of action

In the summary judgment context, causes of action for violation of §1981 are analyzed under the *McDonnell-Douglas* burden shifting evidentiary framework typically utilized in analyzing Title VII employment discrimination suits. *Mendoza v. Bell Helicopter,* 548 Fed.Appx. 127, 128 (5th Cir. 2013); *Brooks v. Firestone Polymers, LLC*, No. 1:12-CV-325, 2014 WL 4792653, at *5 (E.D. Tex. Sept. 24, 2014).

Within the context of a Motion for Summary Judgment under the *McDonnell Douglas* framework, the burden of production falls first upon the plaintiff to present evidence sufficient to establish a fact or raise a presumption of the alleged discrimination or retaliation (whichever cause of action is being analyzed). *Id.*; *see also Alvarado*, 492 F.3d at 611. This burden is typically referred to as the presentation of prima facie evidence. *Alvarado*, 492 F.3d at 611. "To establish a prima facie case, a plaintiff need only make a very minimal showing." *Nichols v. Loral Vought Sys. Corp.,* 81 F.3d 38, 41 (5th Cir. 1996); *Brooks*, 2014 WL 4792653, at *6. If the plaintiff presents this prima facie evidence, the plaintiff creates a presumption of discrimination or retaliation. *Alvarado*, 492 F.3d at 611. The burden of production, then, shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Id.*; *see also Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254–56 (1981).

If the employer sustains its burden of production, the presumption of discrimination or retaliation dissipates. At this final stage, the burden of persuasion that the defendant intentionally discriminated against the plaintiff falls on the plaintiff. *Reeves*, 530 U.S. at 142; *Tex. Dep't of*

*Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Alvarado*, 492 F.3d at 611. Within the context of a Motion for Summary Judgment, to satisfy this burden of persuasion, the plaintiff must present evidence which raises a genuine dispute whether: (1) the employer's proffered reason is not true but is instead a pretext for discrimination or retaliation; or (2) the employer's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.,* 482 F.3d 408, 411-12 (5th Cir. 2007); *Williams v. Time Warner*, 98 F.3d 179, 181 (5th Cir. 1996). Although the prima facie case and the inferences drawn therefrom may still be considered at the pretext stage, this evidence must be combined with sufficient evidence to permit the trier of fact to conclude the employer unlawfully discriminated or retaliated against the plaintiff. *Reeves,* 530 U.S. at 142. Unsubstantiated assertions and conclusory allegations of discrimination or retaliation are not competent summary judgment evidence, and therefore, are insufficient to support a party's burden at any stage. Fed. R. Civ. P. 56(c),(e); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002); *Ragas*, 136 F.3d at 458.

### 1. Razavi: Race Discrimination

Here, Razavi asserts a cause of action for racial discrimination under § 1981. The elements of a § 1981 racial discrimination cause of action are identical to those elements required to establish a cause of action under 42 U.S.C. §1983. *Okon v. Harris Cnty. Hosp. Dist.*, 426 Fed.Appx. 312, 315 n.5 (5th Cir. 2011); *Hurd v. Univ. of Tx. Health Sci. Ctr. at S.A.*, No. SA-09-CA-645-FB, 2012 WL 13076603, at *14 (W.D. Tex. Aug. 17, 2012), report and recommendation adopted sub nom. *Hurd v. Univ. of Tex. Health Sci. Ctr. San Antonio*, No. SA-09-CA-0645-FB, 2012 WL 13076712 (W.D. Tex. Sept. 26, 2012). As previously stated, the Court accepts as true

Franklin's representation that no direct evidence exists because Razavi and Leigh failed to respond to its discovery requests and no discovery was conducted by any party.

A plaintiff's initial burden under this circumstantial-evidence, summary-judgment framework is to establish a prima facie case by presenting evidence she (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy,* 492 F.3d at 556. To satisfy this summary-judgment burden, Razavi presents only her own and Leigh's affidavits.

In its evaluation, the Court will presume Razavi alleged enough to satisfy the first, second, and third elements. The Court will focus on the fourth element. In her affidavit, Razavi insinuates she was terminated based upon racial discrimination; however, she does not state this as a fact or provide or point to supporting evidence. *See ECF No. 22-1.* Most importantly, Razavi fails to attest that she was replaced by someone outside of her protected group or point to proof of this element. This Court cannot draw these conclusions for Razavi, nor can it assume Razavi implies termination based upon her race based upon the facts asserted. For this reason, Razavi fails to attest enough facts to support the fourth element of her prima facie case to the extent she relies upon her termination as support for this §1981 cause of action.

Without a showing of termination based upon racial discrimination, Razavi must rely upon another adverse employment action to support this cause of action. To this extent, Razavi must show she suffered an adverse employment action and was treated less favorably than other similarly situated employees outside the protected group. *See McCoy,* 492 F.3d at 556. A plaintiff suffers an adverse employment action when there is "a significant change in [the plaintiff's]

employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Butler v. Ysleta Indep. Sch. Dist.*, 161 F.3d 263, 268 (5th Cir. 1998). For an action to be considered adverse it must go beyond "petty slights, minor annoyances, and simple lack of good manners." *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009).

To make this showing, Razavi describes occurences which she names as an "example of the racial discrimination" or "further evidence of discrimination" by Morris. These examples include denial of Covid vaccines to Razavi's relatives when Morris's and "other Hispanic Directors's" relatives were given the opportunity. In addition, Razavi describes an instruction given to the Maintenance Director that he was not to help Razavi if she should make a request for his services. Finally, Razavi states she was required to use her vacation time for work days missed due to her mother's death, rather than being allowed these days off under "company benefits" and "bereavement policy."

These examples of racial discrimination provided cannot support a cause of action under 1981 because they are not adverse employment actions. These incidents do not amount to a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in Razavi's benefits. *See Butler v. Ysleta Indep. Sch. Dist.*, 161 F.3d at 268. While these actions described may amount to hurtful slights and inequitable treatment, they do not rise to the level of an adverse employment action to support a cause of action of racial discrimination in violation of §1981.

While denial of allowed paid leave may constitute an adverse employment action, this determination is dependent on the particular circumstances and context. However, Razavi provides

no contextual facts to support this finding or conclusion. *See Stewart,* 586 F.3d at 332; *Butler v. Exxon Mobil Corp.*, 838 F. Supp. 2d 473, 496 (M.D. La. 2012). Razavi simply makes the statement that she was denied such leave.

Similarly, Razavi attests "Directors at The Landing received at least 3% of salary raises except for me, who only received a 2% raise. This occurred despite my hard work and efficient performance equal to or better than the other Directors." While a denial of a comparable raise may be considered an adverse employment action, this statement is too conclusory for this Court to determine that Razavi was treated less favorably than other similarly situated employees outside the protected group. This unsubstantiated assertion and conclusory allegation is not competent summary judgment evidence, and therefore, is insufficient to support Razavi's prima facie burden. *See* Fed. R. Civ. P. 56(c),(e);

Similarly, Leigh attests only that Razavi suffered racial discrimination. Leigh provides only conclusory statements or reiterates the same unsubstantiated attestations in Razavi's affidavit. Leigh's affidavit does not provide any supporting facts or circumstances to support Razavi's 1981 cause of action based upon racial discrimination.

For these reasons, Razavi fails to satisfy her summary judgment burden to establish a prima facie case of racial discrimination in violation of §1981. Consequently, the Court grants Franklin's Motion for Summary Judgment on this cause of action.

## 2.   Retaliation

Again, the elements of Razavi's retaliation cause of action under §1981 are identical to those elements required of Title VII, §1983 cause of action, and the Court begins this summary judgment analysis with determination whether Razavi establishes a prima facie case. *Okon*, 426 Fed.App'x. at 315 n.5; *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 337 n. 3 (5th

Cir. 1999). To establish a prima facie case of retaliation under Section 1981, a plaintiff must prove: (1) she participated in a protected activity, (2) he suffered an adverse employment action by the employer, and (3) there is a causal connection between the protected activity and the adverse action. *Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 436–37 (5th Cir. 2022). Causation, for purposes of proving a prima facie case of retaliation, may be established by close temporal proximity between the protected activity and the adverse employment action. *McCoy*, 492 F.3d at 562 (5th Cir. 2007); *Williams v. Franciscan Missionaries of Our Lady Health Sys., Inc.*, 190 F. Supp. 3d 561, 565 (M.D. La. 2016), aff'd, 689 Fed. Appx. 374 (5th Cir. 2017). If the plaintiff cannot support all three elements, then summary judgment for the defendant is appropriate. *See* id.

Again, the Court will presume Razavi alleged enough to satisfy the first and second elements by attesting she was terminated[3], and she "complained" of alleged discriminatory statements and Franklin investigated her complaints. Razavi's cause of action for retaliation under §1981 fail for the same reasons her cause of action for racial discrimination must fail. In this instance, under these elements for a showing of retaliation, Razavi fails to establish a causal connection between any protected activity and her termination.

In her affidavit, Razavi insinuates she was terminated based upon retaliation for her "complaints" of racial discrimination; however, she does not state this as a fact or provide enough facts to draw this conclusion. *See ECF No. 22-1*. Razavi attests to her first complaint in January and February of 2019, a second complaint in March 2020, and her termination on July 31, 2021. Without attestation or other facts to support causation, the Court may only rely only on

---

[3]  As already determined, Razavi fails to attest sufficient facts to show she suffered any adverse employment action other than termination.

temporal proximity to support a showing of causation; however, the facts as alleged do not support a showing of close temporal proximity to establish causation.

First, these alleged complaints of discrimination are not sufficiently close proximity to her termination in July 2021 as a matter of law. The Fifth Circuit has found a spread of nine months between the protected activity and the adverse employment action to be insufficient to establish close temporal proximity to establish causation. *Collins v. Jackson Pub. Sch. Dist.*, 609 Fed. Appx. 792, 796 (5th Cir. 2015). Second, "[w]hile very close temporal proximity alone may be adequate to establish a prima facie case of retaliation in some instances, 'temporal proximity alone is insufficient to prove but for causation.'" *Dixon v. Moore Wallace, Inc.*, 236 Fed. Appx. 936, 938 (5th Cir. 2007); *Gorman v. Verizon Wireless Tex., L.L.C.,* 753 F.3d 165, 171 (5th Cir. 2014). Consequently, Razavi cannot establish causation on these attestations of proximity, alone, between her 2019 and 2020 complaints and her July 2021 termination.

For these reasons, Razavi fails to establish a causal connection to satisfy her prima facie burden of proof in this summary-judgment context. Consequently, the Court grants Franklin's Motion for Summary Judgment on this cause of action under §1981 for retaliation.

### 3.  Hostile Work Environment

The traditional summary judgment burdens apply to a hostile work environment cause of action, rather than the *McDonnell Douglas* burden shifting framework, because the employer may not offer a legitimate reason for creating such an environment. *See Carpenter v. Haaland*, No. CV 19-13208, 2021 WL 1198261, at *10 (E.D. La. Mar. 30, 2021); *EEOC v. Bass Pro Outdoor World, LLC*, 35 F.Supp.3d 836 (S.D. Tex. July 30, 2014) (hostile work environment claims are not proven using *McDonnell Douglas* scheme).

18

As discussed, Franklin satisfied its summary judgment burden of proof by establishing no evidence exists from which Razavi and Leigh can prove their cause of action. Thereby, the summary judgment burden shifts to Razavi and Leigh to raise a genuine dispute of material fact on any element of this cause of action.

To prevail on a hostile work environment cause of action particular to this claim of race-based harassment, the plaintiff must show: (1) she is a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Collier v. Dall. Cnty. Hosp. Dist.*, 827 F. App'x 373, 376 (5th Cir. 2020) (per curiam). While the plaintiff must prove each element of the prima facie case by a preponderance of the evidence to prevail at trial, a genuine dispute of material fact as to any element will pre-clude an award of summary judgment. *Waltman v. International Paper Co.,* 875 F.2d 468, 477 (5th Cir. 1989).

With regard to the fourth element, a plaintiff must show the harassment was sufficiently severe or pervasive to alter the conditions of their employment and create an abusive work envi-ronment. *Ramsey*, 286 F.3d at 268; *Johnson v. PRIDE Indus., Inc.*, No. EP-18-CV-00044-FM, 2018 WL 6624691, at *3 (W.D. Tex. Dec. 18, 2018), aff'd in part, rev'd in part and remanded, 7 F.4th 392 (5th Cir. 2021). The reviewing court does not view workplace conduct in isolation, but considers the circumstances surrounding the alleged discriminatory conduct. *Id*. These circum-stances include "the frequency of the discriminatory conduct; its severity; whether it is physical-ly threatening or humiliating, or a mere offensive utterance; and whether it unreasonably inter-feres with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23

(1993); *Johnson v. PRIDE Indus., Inc.*, 2018 WL 6624691, at *3. The alleged discriminatory conduct "must be more than rude or offensive comments or teasing." *Collier*, 827 F. App'x at 377. Even in the summary judgment context, the plaintiff's showing must show enough to raise a genuine dispute whether the work environment is "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998); *Johnson v. PRIDE Indus., Inc.*, 2018 WL 6624691, at *3.

Presuming all of the facts as alleged support the first, second, third, and fifth elements of this cause of action, Razavi does not assert enough to raise a genuine dispute of material fact whether the harassment complained of affected a condition or privilege of her employment or was sufficiently severe or pervasive to constitute an abusive working environment. In support of this element, Razavi recounts an occasion of a racially offensive interaction with a co-worker in January 2019, after which an investigation ensued upon her complaint. In this encounter, a coworker asked Razavi where she was from. When Razavi responded "Iran", her coworker stated, "no wonder no one likes you." On a later occasion, this coworker stated, "If I had a knife, I would cut her." Razavi also recounts statements by Morris which "occurred on more than one occasion" and can be construed as incidents which created a hostile work environment. Razavi attests Morris stated: "You can't understand what the f*** she is saying," "She probably can't read or understand recipe books," and "She's not liked because she is from Iran."

Razavi attests that Franklin investigated her complaints of these incidents but found only a "toxic working environment" which included a "longstanding pattern of lying, bullying and extreme favoritism on the part of Morris." Razavi provides no further attestation of facts or evidence regarding this investigation or its findings, conclusion, or resolution.

Taking all these allegations together as true, in addition to those incidents of unfavorable treatment discussed previously[4], Razavi does not present a genuine dispute whether the incidents rise to the level of a hostile work environment. As an example, in *White v. Government Employees Insurance Company*, within the summary judgment context, the Fifth Circuit held the plaintiff's allegations, which were more targeted and inflammatory than those here, did not "rise to the level of severity or pervasiveness required to support a hostile work environment claim." *White v. Government Employees Ins. Co.,* 457 F. App'x 374, 381 (5th Cir. 2012) (per curiam). In *White*, the plaintiff alleged: (1) a coworker called a Black client "a 'n*****' " in the plaintiff's presence; (2) the same coworker referred to an office as "ghetto"; and (3) another coworker stated that one Black employee "always wanted to be a white female." *Id.* at 380–81. In holding these allegations insufficient, the Fifth Circuit explained that these incidents were not physically threatening or humiliating; the comments were "isolated remarks"; and the "n*****" comment was not directed toward the plaintiff. *Id.* at 381. Additionally, the court noted the plaintiff did not present evidence these comments affected her work performance. *Id.* at 381–82. The Fifth Circuit thus concluded that "[t]he race-based comments alleged ... pale in comparison, both in severity and frequency, to the kind of verbal harassment" that sustains a hostile work environment claim. *Id.* at 381

For the same reasons, these incidents attested by Razavi fail to raise a genuine dispute of material fact whether the comments affected a term, condition, or privilege of employment. Razavi's allegations do not sufficiently allege a subjective or objectively hostile or abusive work environment because the most egregious alleged remarks were isolated instances rather than recurring slurs, and the comments were not particularly targeted at Razavi's race. *See Collier*, 827

---

[4] These incidents include disproportionate raises; administration of Covid vaccines to family members; instruction given to the Maintenance Director, and denial of bereavement leave.

F. App'x at 377. Nor were the remarks of which Razavi complains physically threatening or particularly humiliating. *See id*. Taken as a whole, Razavi's allegations amount to offensive conduct and comments that were indeed rude and showed bias; however, the comments do not portray physical threat or severe humiliation. *See Simmons v. Triton Elevator, LLC*, 557 F. Supp. 3d 767, 775–79 (N.D. Tex. 2021). Consequently, Razavi's attestations fall short of those required to raise a genuine dispute of material fact on the fourth element of a hostile work environment. Consequently, Razavi fails to meet her summary judgment burden of proof.

Accordingly, the Court grants summary judgment in favor of Franklin on Razavi's hostile work environment cause of action.

To the extent either Razavi or Leigh assert a cause of action for retaliatory hostile work environment, this is not a viable cause of action. A cause of action of retaliatory hostile work environment claim is not recognized in the Fifth Circuit. *Montgomery-Smith v. George*, 810 Fed.App'x. 252, 258 (5th Cir. 2020) ("This circuit has not recognized a retaliatory hostile work environment cause of action, though twelve circuits have."); *Bryan v. Chertoff*, 217 Fed.App'x. 289, 293, n.3 (5th Cir. 2007); *Carpenter v. Haaland*, No. CV 19-13208, 2021 WL 1198261, at *11 (E.D. La. Mar. 30, 2021). Consequently, the Court will not analyze this cause of action to the extent it is asserted.

### C.  Motion for Attorney Fees

Within its' Motion for Summary Judgment, Franklin requests the Court award it attorney fees. Franklin submits an affidavit in support of an award of $13,231.68.

"[I]n any action or proceeding to enforce a provision of section[] 1981 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of costs. . . ." 42 U.S.C. § 1988.

The Court declines to exercise its' discretion to award attorney fees in this action. Accordingly, Franklin's request for this award is denied.

## CONCLUSION

For the reasons stated, this Court **GRANTS** Franklin's Motion for Summary Judgment on all of Razavi and Leigh's stated and implied causes of action asserted for violation of Chapter 451 of the Texas Labor Code and for violation of 42 U.S.C. § 1981. Franklin's Motion for Attorney Fees is **DENIED**. The Clerk of Court is directed to close this case upon entry of final judgment, which the Court will enter separately.

It is so ORDERED.
SIGNED this 28th day of September, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE